**FILED**

NOV 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLENE SMITH-THOMPSON,  )
6107 Foxhall Road -  )
Clinton, Md. 20735  )
        Plaintiff,  )

       V.

PABLO RODRIGUEZ  
24 Sun Croft Court  
Silver Spring, MD. 20904  

and  )

THE DISTRICT OF COLUMBIA  )
DEPARTMENT OF CORRECTIONS,  )
1923 Vermont Avenue, N.W.  )
Suite N102  )
Washington, DC 20001  )
        )
        )
        Defendants.  )
        )

CASE NUMBER  1:06CV01945

JUDGE: Henry H. Kennedy

DECK TYPE: Employment Discrimination

DATE STAMP: 11/14/2006

## NOTICE OF REMOVAL

Without waiving any right to challenge sufficiency of process, Defendant District
of Columbia Department of Corrections("Department of Corrections"), through the
undersigned counsel, respectfully notifies the Court as follows:

1.     This matter was brought against the above named defendants and is now
pending in the Superior Court for the District of Columbia entitled Charlene Smith-
Thompson v. Pablo Rodriquez, et al. , Civil Action No. 0006354-06

2.     At this time, the undersigned counsel represents the District of Columbia
Department of Corrections. Counsel has not yet verified that the District of Columbia has
been properly served.  This case is removable in accordance with 28 U.S.C. § 1441(b)
because the United States District Court would have original jurisdiction over this matter

under 28 U.S.C. § 1331, Plaintiff's primary cause of action arises under Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

3.    In accordance with 42 U.S.C. § 1446(a), Defendant has attached a copy of

the pleading received by the District of Columbia Department of Corrections. Defendant

Department of Corrections does not believe that this process is sufficient and reserves the

right to raise issues concerning service of process at the appropriate time.

WHEREFORE, this matter is properly removed from the Superior Court of the

District of Columbia to this Court, pursuant to 28 U.S.C. § 1446.

Dated: November 13, 2006

Respectfully submitted,

EUGENE ADAMS
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

KIMBERLY M. JOHNSON (#435163)
Section Chief, General Litigation Section I

MELVIN W. BOLDEN, JR. (192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was forwarded by U.S. Mail postage prepaid to Jay P. Holland, Brian J. Markovitz,, Joseph, Greenwald & Laake, 6404 Ivy Lane, Suite 400, Greenbelt, Maryland 20770 and Pablo Rodriguez, 24 Sun Croft Court Silver Spring, Maryland  this 14th day of November, 2006.

Melvin W. Bolden, Jr.

Melvin W. Bolden, Jr.
Assistant Attorney General

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Charlene Smith-Thompson

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  P. G
(EXCEPT IN U.S. PLAINTIFF CASES) 88888

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joseph Greenwald + Laake
6404 Ivy Lane, suite 400
Greenbelt, Md 20770

**DEFENDANTS**  Pablo Rodriguez
The District of Columbia
Dept. of Corrections

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____

CASE NUMBER  1:06CV01945

JUDGE: Henry H. Kennedy

DECK TYPE: Employment Discrimination

DATE STAMP: 11/14/2006

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ **G. Habeas Corpus/ 2255** | ☒ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of Civil Rights Act of 1964

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE _____   SIGNATURE OF ATTORNEY OF RECORD   Melvin Bolden, Jr. OAG 9180 of Dept. of Corrections, D.C.   11/14/06

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


_Charlene Smith-Thompson_
Plaintiff

      v.                       Civil Action No.

**06 1945**

_Pablo Rodriguez, ETAL_     11|14|06
Defendant

     The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge _Kennedy_ . All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action. (See preceding sentence for judge's initials).

     Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

     Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

                       NANCY MAYER-WHITTINGTON, CLERK

                       By _Janette Stewart Clerk_
                         Deputy Clerk

cc:                                      929A
   _BRIAN J. MARKOVITZ_               Rev. 7/02
   _Pablo Rodriguez_

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CHARLENE SMITH-THOMPSON )
8107 Foxhall Road )
Clinton, MD 20735 )
)
      Plaintiff )
)           **0006354-06**
)
v. ) Case No:_____
)
PABLO RODRIGUEZ )
24 Sun Croft Court )
Silver Spring, MD 20904 )
)
and, )
)
THE DISTRICT OF COLUMBIA )
DEPARTMENT OF CORRECTIONS )
1923 Vermont Avenue, N.W. )
Suite, N102 )
Washington, DC 20001 )
)
      Defendants. )
*****************************************************************

*RECEIVED Clerk's Office AUG Superior Court of the District of Columbia Washington, D.C.*

## COMPLAINT

COMES NOW, the Plaintiff, CHARLENE SMITH-THOMPSON, by and through her

attorneys, Jay P. Holland, Brian J. Markovitz and the law firm of Joseph, Greenwald & Laake,

P.A., and sues the Defendants, PABLO RODRIGUEZ and THE DISTRICT OF COLUMBIA

DEPARTMENT OF CORRECTIONS and for cause states the following:

### JURISDICTION AND VENUE

1.    The jurisdiction of this Honorable Court is invoked by virtue of the fact that this

action is a Sexual Harassment case under The District of Columbia Human Rights Act D.C.

Code Ann. §2-1401.01, *et. seq.* and Title VII 42 U.S.C. §2000e-2. Said Sexual Harassment

occurred within the boundaries of The District of Columbia.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
04 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

01) 220-2200 • Fax 220-1214



DEFT./RESP.
EXHIBIT A
CASE #

## PARTIES

2.    Plaintiff Charlene Smith-Thompson is an adult who resides at 8107 Foxhall Road, Clinton, Maryland 20735.

3.    Defendant Pablo Rodriguez is an adult who resides at 24 Sun Croft Court, Silver Spring, Maryland 20904.

4.    Defendant, District of Columbia Department of Corrections is a Department within the Government of The District of Columbia located at 1923 Vermont Avenue, N.W., Suite N102, Washington, DC 20001.

## FACTS COMMON TO ALL COUNTS

5.    Plaintiff Charlene Smith-Thompson has been stationed at the District of Columbia Jail (D.C. Jail) with the District of Columbia Department of Corrections (DOC) since 1989.

6.    The Plaintiff was on disability leave from July of 2001 and then was laid off from the Department before her return in 2002 due to a reduction in force (RIF). However, she was rehired to full time duty in September of 2004 and was stationed at the D.C. Jail where she returned to duty.

7.    Upon her return to duty, Ms. Smith-Thompson began working directly with Defendant Rodriguez.

8.    Defendant Rodriguez has been with the DOC since 1990.

9.    Plaintiff Smith-Thompson and Defendant Rodriguez were both supervised by Sergeant Luis Stephens. Corporal Barry Bernard Lindsay also worked in the same cell block during Plaintiff's and Defendant's shift.

10.    The first sexual transgression committed by Defendant Rodriguez occurred soon after Plaintiff began working with him in 2004. In one incident, Defendant Rodriguez

oseph
Greenwald
& Laake

eph. Greenwald & Laake, P.A.
104 Ivy Lane  •  Suite 400
reenbelt, Maryland 20770
01) 220-2200 • Fax 220-1214

grabbed her head as she was sitting in a chair near him and tried to push her head onto his "private parts." In another incident, Defendant Rodriguez called her asking her about oral sex while broadcasting the call over the intercom.

11.    When Plaintiff complained to Sergeant Stephens, he told her that he had admonished Defendant Rodriguez to stop speaking in a sexually explicit way when he was around the Plaintiff.

12.    Later in 2005, Ms. Smith-Thompson was asked by Stephens and Special Inspector Carolyn Lerner to give Defendant Rodriguez another chance "since he was remorseful for his conduct and [also] a newlywed such as herself." Soon thereafter, however, Defendant Rodriguez started engaging in the same conduct again. In one incident, Defendant intentionally reached out and touched the Plaintiff's breast.

13.    Another coworker, Corporal Lindsay who is a male was also sexually harassed by Defendant Rodriguez. Corporal Lindsay objected to the harassment. At one point, he told Defendant Rodriguez that he should stop sex playing with him and Plaintiff Smith-Thompson, as well as with the inmates. To which Rodriguez responded, "shut up bitch."

14.    In June 2005, Plaintiff twice complained to her supervisor, Lieutenant Gloria Profit, about being harassed. Lt. Profit, although being a higher rank than Plaintiff and also a supervisor, said she could not help Plaintiff.

15.    Ms. Smith-Thompson also complained about the Defendant's behavior to Deputy Warden Corbett by sending him an e-mail. In response to her email, Deputy Warden Corbett told Plaintiff that, if a matter involved sexual harassment, she should talk to the special investigator and not to him. No further action was taken by management about her complaints.

seph
Greenwald
& Laake

seph, Greenwald & Laake, P.A.
104 Ivy Lane    •    Suite 400
reenbelt, Maryland 20770
01) 220-2200  •  Fax 220-1214

16.    In fact, Plaintiff was informed by several managerial employees, including the Warden, that all sexual harassment complaints had to proceed through the Special Investigator who was a court-appointed investigator by Judge Lamberth. Specifically, Plaintiff was informed that she had to "go through" the Special Investigator by the Warden, three separate times by Deputy Warden Corbett, including while trying to file complaints with him, and by Major Stanley Waldren, again while trying to file a complaint.

17.    Defendant Rodriguez continued his harassment of Plaintiff Smith-Thompson by making statements such as, "I'm going to eat your pu***y," "let me suck your toes," and "pull your shoes off so that I can see how your toes look." On another occasion, Defendant Rodriguez asked the Plaintiff whether or not she "suck[s] d**k."

18.    Plaintiff also overheard Defendant Rodriguez make inappropriate comments to other correctional officers. In one exchange between Corporal Lindsay and Defendant Rodriguez, when Lindsay was complaining about his aching back, Rodriguez stated, "Man, go on out there and lay on the table. I'm going into the bathroom and grease up. Once I f*** you in your ass, you'll be all right."

19.    Frequently, whenever either Plaintiff Smith-Thompson or Lindsay would say something to the Defendant, he would respond with some sexual innuendo. This kind of conduct would go on for about forty five minutes at a time until the Plaintiff would threaten to file a report against the Defendant. This happened every weekend Plaintiff worked with Defendant Rodriguez.

20.    Defendant Rodriguez's behavior caused Plaintiff to be nervous and frequently forced her to leave her work station on the block for prolonged periods of time to avoid being around the Defendant. Plaintiff would be forced to excuse herself saying that she had to go to the

oseph
Greenwald
& Laake

seph. Greenwald & Laake, P.A.
104 Ivy Lane • Suite 400
reenbelt, Maryland 20770
01) 220-2200 • Fax 220-1214

4

bathroom and then go and sit in her car to avoid the hostile environment that Rodriguez had created.

21.    Lt. Profit threatened Ms. Smith-Thompson, saying she was going to have her fired for staying off the block too frequently when she was avoiding Defendant Rodriguez. However, as noted, Lt. Profit took no action to stop the harassment.

22.    After witnessing several encounters between Plaintiff and Defendant Rodriguez, Sergeant Stephens, the officer in charge on Plaintiff's cell block, told the Plaintiff that he had admonished Rodriguez not to engage in sexual talk on more than one occasion, but that his orders were ignored every time.

23.    Sergeant Stephens witnessed many of the exchanges complained of by the Plaintiff and had to endure many of the Defendant's sexually suggestive interactions himself.  For example, Defendant told Stephens that he wanted to put Stephens' penis in his mouth.  He also made sexual gestures and zipped and unzipped his pants.  In another instance, while Plaintiff Smith-Thompson was eating lunch and Defendant Rodriguez and Sergeant Stephens were present, Rodriguez commented to the Plaintiff that he would "put some nice cum in Lindsay's salad dressing for him."

24.    Corporal Lindsay publicly stated that the Defendant's behavior made him not want to go to work.  However, he was uncomfortable filing a complaint against Rodriguez because he felt it would look bad filing a sexual harassment complaint against another man, and he did not want to suffer more humiliation if word got out about his complaint.

25.    Sergeant Stephens also overheard some of the comments that Defendant Rodriguez made to Plaintiff including Rodriguez wanting to "suck her toes," "suck her p***y," and that he asked her to "open her legs" so he could "put his d**k in."

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane,  •   Suite 400
Greenbelt, Maryland 20770

(01) 220-2200  •  Fax 220-1214

26.    On or about March 20, 2006, an internal investigation was launched by Inspector Inga A. Watkins with The Office of the Special Inspector for the District of Columbia Department of Corrections.

27.    A report was generated from the above mentioned investigation, which stated that a "probable cause finding be made with regard to the claim of hostile work environment."

28.    Additionally, Ms. Smith-Thompson has attempted to file a complaint with Tecora Martin at the District of Columbia Office of Human Rights (OHR).  The OHR refused to process her claim because they said that she had already received a favorable opinion from the Office of the Special Inspector with the DOC.[1]

29.    Ms. Smith-Thompson has also gone to the Equal Employment Office within the DOC.

30.    Despite the findings of this internal investigation, Defendant Rodriguez continues to work in his original job with the DC Jail within the DOC.

31.    Ms. Smith-Thompson has visited a hospital complaining of headaches, and chest pain.  There she was diagnosed with non-cardiac chest pain and was referred to two doctors for psychotherapy, one of whom has initiated treatment with two prescription drugs.

32.    Ms. Smith-Thompson was evaluated by the DOC psychiatrist (on July 13, 2006) for an independent medical exam (IME).  In the IME, the psychiatrist, diagnosed her as suffering from Major Depressive Disorder manifest by a blunting affect, a depressed mood, anhedonia, hypersomnia, anorexia, weight loss.  She has also suffered hair loss and has a stress-related ulcer.

33.    The psychiatrist recommended the following: (1) that she be separated from working with Defendant Rodriguez because her symptoms are related to Mr. Rodriguez's harassing

oseph
Greenwald
& Laake

seph, Greenwald & Laake, P.A.
304 Ivy Lane  ●  Suite 400
:enbelt, Maryland 20770

01) 220-2200  ●  Fax 220-1214

6

conduct in the workplace; (2) that after 3-4 weeks of treatment she will be able to return to modified, accommodated, light duty (3) that if Ms. Smith-Thompson is returned to the DC Jail and continues to be harassed, she will experience an exacerbation of her symptoms.

34.    Despite these recommendations by DOC's own medical personnel, it continues to retaliate against Ms. Smith-Thompson by insisting that she continue to work at the DC Jail with Mr. Rodriguez, the harasser.

35.    Additionally, while she works at the DC Jail, many of her co-workers tell her that she did the wrong thing by filing a complaint against Mr. Rodriguez, and she continues to feel as though everyone is staring at her with distrust and condescension. This in turn exacerbates her symptoms and stress.

36.    Furthermore, the DOC has refused to put her on light duty and refused to separate her and the harasser.

37.    On May 21, 2006, Plaintiff was forced stop working as a result of her experiencing headaches, chest pain and depression.

38.    However, despite her doctor's explanation and recommendations, the DOC placed Ms. Smith-Thompson on a status of "absent without leave" (AWOL), a clear retaliation. This happened again even though Defendant DOC's own medical personnel recommended against her working with the harasser.

39.    Ms. Smith-Thompson is now absent from work without pay and fears returning to work if she has to work in the same environment with the man who sexually assaulted her and her peers and managers who blame her even though she is the victim.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
104 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

(301) 220-2200  •  Fax 220-1214

---

[t] Ms. Smith-Thompson has filed charges of discrimination with the EEOC.

## COUNT I
### (SEXUAL HARASSMENT – DC HUMAN RIGHTS ACT)

40.    Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.    Sexual Harassment is prohibited in the workplace by the District of Columbia Human Rights Act as a form of sexual discrimination. D.C. Code Ann. § 2-1401.01, *et. seq.*

42.    Defendant Rodriguez created a hostile work environment through all of his sexually explicit conduct mentioned above.

43.    Furthermore, the Plaintiff and other co-workers asked Defendant Rodriguez and management personnel to stop Rodriguez's sexual touching, language, and innuendo evidencing the unwelcome nature of this sexual conduct.

44.    Despite Plaintiff Smith-Thompson's complaints to many levels of supervisors within the DOC regarding Defendant Rodriguez's behavior, the sexual harassment did not stop.

45.    Defendant DOC has not only failed to discipline and restrain the unwelcome sexual conduct of its employee, Defendant Rodriguez, but it also has retaliated against Plaintiff by allowing the hostile work environment to continue, refusing to separate her from her harasser (Rodriguez), allowing Defendant Rodriguez to continue working at the DC Jail undisciplined, and putting the Victim-Plaintiff on unpaid, "AWOL" status.

46.    Plaintiff Smith-Thompson continues to be discriminated against through her environment where her co-workers look condescendingly upon her and tell her that she has done the wrong thing by reporting Defendant Rodriguez.

47.    Plaintiff was forced to stop going to work with DOC because of her chronic headaches, chest pain and depression caused by the hostile environment created by Defendant

oseph
Greenwald
& Laake

seph, Greenwald & Laake, P.A.
104 Ivy Lane  •  Suite 400
reenbelt, Maryland 20770

01) 220-2200 • Fax 220-1214

8

Rodriguez and Defendant Department of Corrections in violation of the DC Human Rights Act § 2-1401.01, *et. seq.*

WHEREFORE, the Plaintiff, Charlene Smith-Thompson, demands judgment against Defendants, for Three Million Dollars ($3,000,000.00) in damages, as well as attorneys' fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT II
### (SEXUAL HARASSMENT – TITLE VII)

48.   Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49.   Sexual Harassment is prohibited in the workplace by Title VII as a form of sexual discrimination. 42 U.S.C. §2000e-2.

50.   Defendant Rodriguez created a hostile work environment through all of his sexually explicit conduct mentioned above.

51.   Furthermore, the Plaintiff and other co-workers asked Defendant to stop his use of sexual touching, language, and innuendo evidencing the unwelcome nature of this sexual conduct.

52.   Despite Plaintiff Smith-Thompson's complaints to many levels of supervisors within the DOC regarding Defendant Rodriguez's behavior, the sexual harassment did not stop.

53.   Defendant DOC has not only failed to discipline and restrain the unwelcome sexual conduct of its employee Pablo Rodriguez, but also has retaliated against Ms. Smith-Thompson by perpetuating the hostile work environment, refusing to separate her from her harasser (Rodriguez), allowing Defendant Rodriguez to continue working at the DC Jail undisciplined and putting the Victim-Plaintiff on unpaid, "AWOL" status.

eph
Greenwald
& Laake

\, Greenwald & Laake, P.A.
Ivy Lane  •  Suite 400
ock, Maryland 20770

!20-2200 • Fax 220-1214

54.   Plaintiff Smith-Thompson continues to be discriminated against through an environment where her co-workers look condescendingly upon her and tell her that she has done the wrong thing by reporting Defendant Rodriguez.

55.   Plaintiff was forced to stop going to work with DOC because of her chronic headaches, chest pain and depression caused by the hostile environment created by Defendant Rodriguez and Defendant Department of Corrections in violation of Title VII 42 U.S.C. §2000e-2.

WHEREFORE, the Plaintiff, Charlene Smith-Thompson, demands judgment against Defendants, for Three Million Dollars ($3,000,000.00) in damages, as well as attorneys' fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT III
### (RETALIAION – DC HUMAN RIGHTS ACT)

56.   Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.   It is unlawful business practice to retaliate against an employee who engages in a protected activity under the DC Human Rights Act, D.C. Code Ann., §2-1401.01 *et. seq.*

58.   Ms. Smith-Thompson engaged in a protected activity under the DC Human Rights Act when she reported the sexual harassment and hostile work environment to her supervisors.

59.   Ms. Smith-Thompson also participated in an investigation associated with her sexual harassment claims.

oseph
  Greenwald
    & Laake

seph, Greenwald & Laake, P.A.
404 Ivy Lane  ●  Suite 400
reenbelt, Maryland 20770

01) 220-2200 ● Fax 220-1214

66.    Ms. Smith-Thompson also participated in an investigation associated with her sexual harassment claims.

67.    Plaintiff was retaliated against for her complaints against her co-workers when the DOC refused to separate her from her harasser, Mr. Rodriguez, and refused to put her on accommodated, light duty at the request of DOC's own psychiatrist.

68.    Plaintiff was further retaliated against when she was placed on unpaid absent without leave status by Defendant DOC rather than accommodating Ms. Smith-Thompson's worsening stress-related symptoms.

69.    Plaintiff Smith-Thompson's inability to work is a direct result of Defendant DOC's fostering a hostile work environment, refusal to discipline its employees and forcing Ms. Smith-Thompson to continue working within the same conditions from which she filed her complained in violation of Title VII 42 U.S.C. §2000e-2.

WHEREFORE, the Plaintiff, Charlene Smith-Thompson, demands judgment against Defendants, for Three Million Dollars ($3,000,000.00) in damages, as well as attorneys' fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: _____

Jay P. Holland Bar #422258
Brian J. Markovitz Bar # 481517
6404 Ivy Lane, Suite 400
Greenbelt, MD  20770
301/220-2200
*Counsel for Plaintiff*

oseph
    Greenwald
        & Laake

seph, Greenwald & Laake, P.A.
i04 Ivy Lane  •  Suite 400
:eenbelt, Maryland 20770

01) 220-2200 • Fax 220-1214

12

60.    Plaintiff was retaliated against for her complaints against her co-workers when the DOC refused to separate her from her harasser, Mr. Rodriguez, and refused to put her on accommodated, light duty at the request of DOC's own psychiatrist.

61.    Plaintiff was further retaliated against when she was placed on unpaid absent without leave status by Defendant DOC rather than accommodating Ms. Smith-Thompson's worsening stress-related symptoms.

62.    Plaintiff Smith-Thompson's inability to work is a direct result of Defendant DOC's fostering a hostile work environment, refusal to discipline its employees and forcing Ms. Smith-Thompson to continue working within the same conditions from which she filed her complained in violation of the DC Human Rights Act §2-1401.01, *et. seq.*

WHEREFORE, the Plaintiff, Charlene Smith-Thompson, demands judgment against Defendants, for Three Million Dollars ($3,000,000.00) in damages, as well as attorneys' fees and costs, and further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT IV
## (RETALIATION – TITLE VII)

63.    Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64.    It is unlawful business practice to retaliate against an employee who engages in a protected activity under Title VII 42 U.S.C. §2000e-2.

65.    Ms. Smith-Thompson engaged in a protected activity under the DC Human Rights Act when she reported the sexual harassment and hostile work environment to her supervisors.

oseph
Greenwald
& Laake

seph, Greenwald & Laake, P.A.
104 Ivy Lane  •  Suite 400
reenbelt, Maryland 20770

01) 220-2200 • Fax 220-1214

11

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CHARLENE SMITH-THOMPSON )
8107 Foxhall Road )
Clinton, MD 20735 )
                          )
        Plaintiff )
                          )
v. ) Case No:_____
                          )
PABLO RODRIGUEZ )
24 Sun Croft Court )
Silver Spring, MD 20904 )
                          )
and, )
                          )
THE DISTRICT OF COLUMBIA )
DEPARTMENT OF CORRECTIONS )
1923 Vermont Avenue, N.W. )
Suite, N102 )
Washington, DC 20001 )
                          )
        Defendants. )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of triable fact in the foregoing compliant.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: *[signature]* by ESD
      w/ express
      permission
Jay P. Holland Bar #422258
Brian J. Markovitz Bar # 481517
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301/220-2200
*Counsel for Plaintiff*

Joseph
**Greenwald**
**& Laake**

eph, Greenwald & Laake, P.A.
04 Ivy Lane • Suite 400
eenbelt, Maryland 20770

01) 220-2200 • Fax 220-1214

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

CHARLENE SMITH THOMPSON
8107 Foxhall Road
Clinton, MD 20735

*Plaintiff*

0006354-06

vs.                                        Civil Action No. _____

THE DISTRICT OF COLUMBIA DEPT. OF CORRECTIONS
1923 Vermont Avenue, N.W. Suite N102
Washington, DC 20001        *Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Brian J. Markovitz
_____
Name of Plaintiff's Attorney
Joseph, Greenwald & Laake, PA

By _____
                                    Deputy Clerk

_____
Address 6404 Ivy Lane Suite 400, Greenbelt, MD 20770

301-220-2200
_____
Telephone

Date   AUG 17 2006

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CHARLENE S THOMPSON
    Vs.
PABLO RODRIGUEZ

C.A. No.    2006 CA 006354 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference _once_, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A. TERRELL
Date:  August 17, 2006
Initial Conference: 9:15 am, Friday, November 17, 2006
Location:  Courtroom 219
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc