UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLENE SMITH-THOMPSON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| V. | ) |
| | ) |
| PABLO RODRIGUEZ | ) Civil Action No. 06CV01945(HHK) |
| 24 Sun Croft Court | ) |
| Silver Spring, MD. 20904 | ) |
| | ) |
| and | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| 1923 Vermont Avenue, N.W. | ) |
| Suite N102 | ) |
| Washington, DC 20001 | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS

Defendant, District of Columbia Department of Corrections (hereinafter "the DOC"), by and through the undersigned counsel hereby moves the Court to dismiss plaintiff's complaint. As grounds therefore, the District of Corrections states that it is non *sui juris* and cannot sue or be sued. In addition, plaintiff has failed to effectuate proper service on the Government of the District of Columbia pursuant to SCR Civil Rule. SCR 4 (j) (2) which requires service on the service on the District of Columbia by delivering or mailing a copy of the summons and complaint to the Mayor of the District of Columbia and to the Corporation Counsel of the District of Columbia.[1]

---

[1] By Executive Order dated May 26, 2004, the Office of the Corporation Counsel is now called the Office of the Attorney General.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

Wherefore, based upon the foregoing, defendant District of Columbia Department of Corrections respectfully request that this matter be dismissed because it is non *sui juris* and because of plaintiff's failure to effectuate proper service on the Government of the District of Columbia.

Respectfully submitted,

EUGENE ADAMS
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
KIMBERLY M. JOHNSON (#435163)
Section Chief, General Litigation Section I

Melvin W. Bolden, Jr.
_____
MELVIN W. BOLDEN, JR. (192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion to Dismiss was forwarded by electronically to Jay P. Holland, Brian J. Markovitz,, Joseph, Greenwald & Laake, and by U.S. Mail to Pablo Rodriguez, 24 Sun Croft Court Silver Spring, Maryland this 22nd day of November, 2006.

                                      Melvin W. Bolden, Jr.

                                      Melvin W. Bolden, Jr.
                                      Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLENE SMITH-THOMPSON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| V. | ) |
| | ) |
| PABLO RODRIGUEZ | ) Civil Action No. 06CV01945(HHK) |
| 24 Sun Croft Court | ) |
| Silver Spring, MD. 20904 | ) |
| | ) |
| and | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| 1923 Vermont Avenue, N.W. | ) |
| Suite N102 | ) |
| Washington, DC 20001 | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

Defendant, District of Columbia Department of Corrections (hereinafter "the DOC"), by and through the undersigned counsel hereby moves to dismiss the Plaintiff's complaint. As grounds therefore, the District of Columbia Department Corrections states that it is an agency of the District of Columbia Government and is non *sui juris*. The Department of Corrections has not been established by legislation or otherwise as a separate corporate body, nor has it been empowered to sue or be sued on its own behalf. Defendant further moves to dismiss this matter pursuant to Federal Rules of Civil Procedure, Rule 12 (b) (4) and (5) because Plaintiff has failed to effectuate proper service on the Government of the District of Columbia pursuant to

SCR Civil Rule 4(j).

## BACKGROUND

On August 17, 2006, Plaintiff filed a complaint against the District of Columbia Department of Corrections in the Superior court of the District of Columbia, claiming sexual harassment in her employment in violation of Title VII of the Civil rights Act of 1964, as amended, 42 USC Section 20003 et seq. and the District of Columbia Human Rights Act D.C. Code Ann. Section 2-1401, et seq., (Complaint, ¶ 1.) The complaint and summons named the defendant District of Columbia Department of Corrections at 1923 Vermont Avenue, N.W., Suite N102, Washington, DC 20001 (Complaint, ¶ 3/ Summons).

On October 16, 2002, Plaintiff sent a notice and complaint herein by mail to the defendant District of Columbia Department of Corrections at 1923 Vermont Avenue N.W., Suite N102, Washington, D.C. 20001. (Complaint, ¶ 4.). Thereafter, on November 14, 2006, the aforementioned defendant filed a Notice of Removal pursuant to 28 USC Section 1441(b).

## ARGUMENT

### The Complaint Should Be Dismissed Against the District of Columbia Department of Corrections Because it is Non Sui Juris

The District of Columbia Department of Corrections is an agency of the Government of the District of Columbia. It has not been established by legislation or otherwise as a separate corporate body, nor has it been empowered to sue or be sued on its own behalf. Such entities may not be sued in their own right. Thus, the complaint

as to the District of Columbia Department of Corrections must be dismissed as it makes allegations against an entity that lacks the capacity to be sued. See, Metropolitan Police Department, Fifth District, 726 F.Supp. 875 (D.D.C. 1989) Ray v. District of Columbia, 535 A2d 868, 869 n2.; Tschanneral v. District of Columbia Board of Education, 594 F.Supp. 407 (D.D.C. 1984).

<u>The Complaint Must Be Dismissed For Failure To Properly<br>Serve the District of Columbia</u>

Pursuant to the express language of SCR Civil 4(j), a plaintiff bringing suit against the District of Columbia must serve a copy of the summons, complaint, and initial order on the Mayor of the District of Columbia *and* the Office of the Attorney General in order to effectuate proper service.

The language of SCR Civil 4(j)—setting forth the elements of proper service on the District—is unambiguous in its mandate. Rule 4(j) states that, "Service *shall* be made upon the District of Columbia by delivering … or mailing … a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) *and* the Corporation Counsel of the District of Columbia (or designee)."[2]  SCR Civil 4(j) (emphasis added).

The mandatory language of 4(j) does not permit the court to exercise any discretion. It sets forth precisely what steps must be taken to properly serve the District. Without completion of those steps—including delivery of the summons to *both* the

Mayor's Office and the Office of the Attorney General—process has not been served. There is no room in the language of 4(j) that permits delivery to the Mayor *or* the Attorney General to satisfy the service requirements.

The D.C. Court of Appeals recently confirmed the non-discretionary nature of automatic dismissal based on failure to timely serve the District of Columbia in the manner set forth by the Superior Court Rules of Civil Procedure. <u>Dorsey v. District of Columbia</u>, 839 A.2d 667, 668-669 (D.C. 2003). In, <u>Dorsey</u>, the plaintiff had served the Mayor but not Corporation Counsel. Despite the fact that the statute of <u>Dorsey</u> limitations had run on her claim, and the mandatory dismissal served to ban her claim in its entirety, the Court of Appeals upheld the dismissal, writing:

> Reading Rule 4 (m) in conjunction with Rule 4 (j), proof of service upon both the Mayor and Corporation Counsel is required to be filed. *See McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001) ("In order to properly serve the United States or its agencies, corporations or officers, plaintiff must deliver a copy of the summons and the complaint" to both the "United States Attorney's office for the district in which the action is brought" and the Attorney General).… In the event of noncompliance, the plain language of Rule 4 (m) "compels automatic dismissal," *Gross v. District of Columbia*, 734 A.2d 1077, 1086 (D.C. 1999) (quoting to *Wagshal v. Rigler*, 711 A.2d 112, 114 (D.C. 1998)), and "does not permit the court to exercise any discretion." *Gross*, 734 A.2d at 1086 (quoting *Cameron v. Washington Metro. Area Transit Auth.*, 649 A.2d 291, 293 (D.C. 1994)).

*Dorsey*, 839 A.2d at 668-669.

Here, it is clear from Plaintiff's own pleadings that he has not meet the mandatory service provisions set forth in SCR Civil 4(j). Plaintiff's complaint states that the District of Columbia Department of Corrections located at 1923 Vermont Avenue, Suite N102, Washington, D.C. 2001. Neither Mayor, Anthony Williams nor the The Attorney General was ever served a copy of the complaint.

The Superior Court Civil Procedure Rules are clear and unambiguous regarding who must be served in order to bring a cause of action against District of Columbia officers. Plaintiff failed to properly serve the Office of the Attorney General, and failed to file proper proof or acknowledgement of such service. Thus, the complaint must be dismissed pursuant to the mandatory language in SCR Civil 4(j)

WHEREFORE, Defendant respectfully requests this Court dismiss the Plaintiff's complaint.

Respectfully submitted,

EUGENE ADAMS
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
KIMBERLY M. JOHNSON (#435163)
Section Chief, General Litigation Section I

Melvin W. Bolden, Jr.
_____
MELVIN W. BOLDEN, JR. (192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695

Case 1:06-cv-01945-HHK    Document 2    Filed 11/22/2006    Page 9 of 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLENE SMITH-THOMPSON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| V. | ) |
| | ) |
| PABLO RODRIGUEZ | ) Civil Action No.06Cv01945(HHK) |
| 24 Sun Croft Court | ) |
| Silver Spring, MD. 20904 | ) |
| | ) |
| and | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| 1923 Vermont Avenue, N.W. | ) |
| Suite N102 | ) |
| Washington, DC 20001 | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

O R D E R

Upon consideration of the defendant's Motion to Dismiss, the response thereto and the record herein, it is by the Court this _____ day of _____, 2002,

ORDERED:    that the Motion is GRANTED; and it is

FURTHER ORDERED:    that the plaintiff's Complaint be DISMISSED.

_____
HENRY H. KENNEDY
United States District Judge